<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **JULIANA DEPAZZA**, <br><br> Plaintiff, <br><br> v. <br><br> **NJ DIVISION OF CHILD PROTECTION & PERMANENCY**, *et al.*, <br><br> Defendants. | Civil Action No. 26-5028 (ZNQ) (JBD) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

   **THIS MATTER** comes before the Court upon a Complaint (ECF No. 5), an application to proceed *in forma pauperis* ("IFP") (ECF No. 6), and a Motion for a Temporary Restraining Order (ECF No. 1) filed by Plaintiff Juliana DePazza, proceeding *pro se*, against Defendants Department of Child Protection & Permanency ("DCPP"), Ocean County Prosecutor's Office, Toms River Police Department, Lower Township Police Department, Ocean Partnership for Children, Reginald M. Dela Cruz, Lower Township School District, and Ocean County Sheriff's Department.  (*See* Compl. at 1–2.)[1]

   Having reviewed Plaintiff's application to proceed IFP, the Court finds it appropriate to grant it.  The Clerk will be ordered to file the Complaint.  For the reasons set forth below, however, no summons will be issued.

---

[1] The Court cites to the Complaint by the page numbers inserted by the Court's CM/ECF system because the Complaint lacks its own internal pagination and its paragraphs are not fully numbered.

1

Given Plaintiff's IFP status, the Court must screen the allegations of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit.  For the reasons articulated in this Opinion, Plaintiff's Complaint will be **DISMISSED** and her Motion for a Temporary Restraining Order will be **DENIED AS MOOT**.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

In briefest terms, Plaintiff alleges that Defendants illegally removed Plaintiff's children from her care on February 27, 2026.[2]  She alleges that Defendants failed to follow their own procedures and failed to investigate her claims against their current caregiver.  (Compl. at 2–4.) According to Plaintiff, DCPP prepared false documents and statements, and "repeatedly falsely documented and withheld records in litigation and in case conference and meetings 2023–present." (*Id*. at 4.)  The Court infers that there are or were related state family court proceedings insofar as Plaintiff mentions them but only indirectly, such as referring to "litigation" and state family court docket designations like "FV" and "FN."

Plaintiff asserts three claims: violations of her Substantive Due Process and Procedural Due Process rights pursuant to 42 U.S.C. § 1983 (Counts I and II, respectively) and negligence under state law (Count III).  She seeks among other relief: immediate return of her children, psychological evaluations of her children, preservation of Defendants' records, and $3 million in compensatory and punitive damages.

---

[2] There are several statutes by which DCPP removes children from their parents' custody.  Plaintiff does not allege which statute was invoked by DCPP.  The Complaint also acknowledges that DCPP removed Plaintiff's children from her care once before in 2023.  Plaintiff does not explain when, or the circumstances under which, they were returned to her care prior to the current removal.

## II.    SUBJECT MATTER JURISDICTION

The Court has original subject matter jurisdiction as to Plaintiff's claims under federal law pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction as to Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

## III.    LEGAL STANDARD

District courts must review IFP complaints and *sua sponte* dismiss any action or appeal that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Rhodes v. Maryland Judiciary*, 546 F. App'x 91, 93 (3d Cir. 2013).

When evaluating a 12(b)(6) motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*,

550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Further, federal courts have a constant obligation to satisfy themselves of their subject-matter jurisdiction and to decide the issue *sua sponte*. *See Liberty Mutual Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). Under Federal Rule of Civil Procedure 12(h)(3), a federal court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

## IV.    DISCUSSION

### A.    DCPP AND OCPO

Plaintiff's claims against the DCPP and the Ocean County Prosecutor's Office ("OCPO") implicate the Eleventh Amendment.  The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  The amendment affords states and state agencies immunity from suits brought by citizens in federal court, regardless of whether legal or equitable relief is sought.  *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007) ("The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought . . . .").  Sovereign immunity is appropriate if the named defendant is an "arm of the state."  *Davis v. Twp. of Lakewood*, Civ. No. 03-1025, 2005 WL 1863665, at *3 (D.N.J. Aug. 4, 2005) (citing *Chisolm v. McManimon*, 275 F.3d 315, 323 (3d Cir. 2001)).

DCPP—formerly known as DYFS—is organized within New Jersey's Department of Children and Families.  *See* 2012 N.J. Laws ch. 16 (renaming DYFS to DCPP).  The Third Circuit,

as well as courts in this district, have established that DCPP is an arm of the state for sovereign immunity purposes. *Howard v. N.J. Div. of Youth & Family Servs.*, 398 F. App'x 807, 811–12 (3d Cir. 2010) ("DYFS is immune from suit under the Eleventh Amendment"); *Jones v. Ocean County DCPP*, Civ. No. 18-11528, 2019 WL 1529712, at *3 (D.N.J. April 9, 2019); *Chitester v. DCPP*, Civ. No. 17-12650, 2018 WL 6600099, at *4 (D.N.J. Dec. 17, 2018); *Newson v. DCF DCPP*, Civ. No. 14-5708, 2014 WL 5025924, at *4 (D.N.J. Oct. 8, 2014); *Simmerman v. Corino*, 804 F. Supp. 644, 650 (D.N.J. 1992). Based on this extensive authority, the Court likewise finds that DCPP is an arm of the state entitled to Eleventh Amendment immunity.

Similarly, with respect to OCPO, "[c]ourts within the Third Circuit have consistently held that the Eleventh Amendment precludes federal suits against New Jersey county prosecutors, as well as their offices, arising out of their law enforcement functions on the basis that the real party in interest in these suits is the State of New Jersey." *Duncan v. Office of Passaic Cnty. Prosecutor*, Civ. No. 05-1931, 2012 WL 1079471, at *2 (D.N.J. Mar. 30, 2012); *see also Beightler v. Office of Essex Cnty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009) (holding that the Essex County Prosecutor's Office "was acting as an arm of the state and entitled to immunity under the Eleventh Amendment" when its prosecutors were performing law enforcement and investigative functions); *Hyatt v. County of Passaic,* 340 F. App'x 833, 837 (3d Cir. 2009) (finding that the county prosecutor's office was entitled to sovereign immunity because defendants were acting in a prosecutorial function which is not autonomous from the state). "Decisions such as whether to bring charges are clearly within the law enforcement function[s] . . . that the Legislature has delegated to the county prosecutors." *Rouse v. N.J. Dep't of Health & Hum. Servs.*, Civ. 15-01511, 2015 WL 5996324, at *3 (D.N.J. Oct. 13, 2015) (interior quotation marks and citation omitted). Here, the Complaint alleges that OCPO conducted "minimal investigation" and "investigative

5

failures" in response to various evidence, presumably presented by Plaintiff.. (Compl. at 3.) Insofar as Plaintiff's claims are rooted in OCPO's investigative duties, the Court also finds that OCPO is an arm of the state entitled to Eleventh Amendment immunity.

What remains is the scope of the immunity that DCPP and OCPO enjoy. Relevant here, sovereign immunity applies to claims brought under § 1983 as well to tort claims brought under state law. *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) (New Jersey has not waived its Eleventh Amendment immunity to § 1983 claims in federal court.); *Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009) (New Jersey's Tort Claims Act, permitting suits against public entities and their employees in state courts, does not expressly consent to suits in federal courts and therefore is not an Eleventh Amendment waiver.). Accordingly, the Court finds that Plaintiff's claims asserting § 1983 violations and negligence against DCPP and OCPO must be dismissed for lack of subject matter jurisdiction.

### B.    TOMS RIVER POLICE DEPARTMENT AND OCEAN COUNTY SHERIFF'S DEPARTMENT

At various points in her Complaint, Plaintiff alleges that Defendants Toms River Police Department ("TRPD"), and Ocean County Sheriff's Department ("OCSD") have been derelict in their investigative duties. OCSD "refused" to conduct luminol testing for blood evidence requested by OCPO. (Compl. at 3.) TRPD "conducted minimal investigation," "refused to allow reports of [domestic violence] assaults and animal cruelty," and provided no update on an internal affairs investigation from 2024. (*Id*. at 3–4.)

For two separate and independent reasons set forth the below, the Court finds that Plaintiff fails to state § 1983 claims against either TRPD or OCSD.

First, "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must establish two essential elements: (1) that the conduct complained of was committed by a person acting under color of

state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Steinhardt v. Bernardsville Police Department*, App. No. 20-2852, 2021 WL 3929321, at *3 (3d Cir. Sept. 2, 2021) (quoting *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011)) (interior quotation marks omitted).

Here, Plaintiff's claims fail to meet the second element because although the Due Process clause of the Fourteenth Amendment guarantees fair process, "there is no constitutional right to the investigation of another." *Tamagny v. DCPP*, Civ. No. 25-732, 2026 WL 800630, at *6 (D.N.J. March 23, 2026) (citing *Lee v. City of Philadelphia*, 627 F. App'x 378, 383 (3d Cir. 2003); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Fuchs v. Mercer Cnty.*, 260 F. App'x 472, 475 (3d Cir. 2008) (affirming district court's dismissal of a Due Process claim challenging the manner in which a police officer conducted an investigation); *Batista v. City of Perth Amboy*, Civ. No. 15-2833, 2020 WL 1329980 at *9 (D.N.J. March 23, 2020) (holding the plaintiff failed to allege a cognizable § 1983 claim because "there is no private constitutionally protected interest to an investigation or prosecution of another individual");

Second, to state a § 1983 claim against a police department (or sheriff's office), a plaintiff needs to plausibly plead that her rights were violated as a result of a government policy or custom. *Steinhardt*, 2021 WL 3929321, at *3 n.4 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) and *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014)). This is because municipal entities cannot be held liable under § 1983 von the basis of *respondeat superior* (i.e., supervisor liability). *See B.S. v. Somerset Cnty.*, 704 F.3d 250, 261 n.21 (3d Cir. 2013). Given that Plaintiff has not pled a custom or policy, she fails to plead § 1983 claims against TRPD or OCSD on that basis as well.

For each of these reasons, the Court finds that Plaintiff's § 1983 claims against TRPD and OCSD must be dismissed for failure to state a claim. Insofar as the Court's first basis means that Plaintiff cannot, as a matter of law, state a claim under § 1983 against these defendants based on an alleged failure to investigate or prosecute, the dismissal of the § 1983 claims against them will be with prejudice.

### C.    LOWER TOWNSHIP POLICE DEPARTMENT

Plaintiff's sole allegation against Lower Township Police Department ("LTPD") appears to be that, in response to a communication from DCPP, LTPD "charged [her] with criminal false reporting and harassment for requesting welfare checks after 9-year-old's homicidal crisis, blocking all future safety checks." (Compl. at 5.)

To the extent that Plaintiff seeks to assert a claim for "false arrest" under § 1983, she has failed to do so. To state a false arrest claim, a plaintiff must plead "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995). Plaintiff has pled neither an arrest nor an absence of probable cause. Moreover, as set forth above, Plaintiff has failed to plead the requisite custom or policy within LTPD to assert § 1983 claims against it as a municipal entity. For these reasons, Plaintiff's § 1983 claims against LTPD will be dismissed without prejudice.

### D.    LOWER TOWNSHIP SCHOOL DISTRICT

Plaintiff names Lower Township School District ("LTSD") as a defendant but states no specific allegations against it. At her closest, she appears to allege generally that one of her

8

children manifested a homicidal ideation event that was ignored by the school for 22 days, and that the child was suspended, but the police were not notified nor was the child evaluated until several days later. (*See* Compl. at 2.) While these facts are disconcerting if true, Plaintiff articulates no deprivation of rights under the Constitution or federal law that she herself has suffered. Plaintiff therefore has not pled plausible § 1983 claims against the LTSD. Moreover, because Plaintiff articulates no injury that she has suffered as a result of LTSD's purported slowness to act, she has also failed to plead a claim for negligence.[3] For these reasons, the Court will dismiss Plaintiff's § 1983 and negligence claims against LTSD without prejudice.

### E. "PRIVATE" DEFENDANTS CRUZ AND OCEAN PARTNERSHIP FOR CHILDREN

With respect to Defendant Cruz, Plaintiff alleges nothing other than that Defendant Cruz is the "Children's Current Caregiver (Court Ordered Custody)." (Compl. at 2.) There are no facts asserted in the Complaint that Defendant Cruz is a state actor or that he engaged in concerted or joint action with the state or its agents. *See Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 941 (1982); *Kwanzaa v. Reynolds*, Civ. No. 25-19061, 2026 WL 279942, at *2 (D.N.J. Feb. 3, 2026). He instead appears to be a private citizen who has been awarded custody of Plaintiff's children. Likewise, Plaintiff does not allege that Defendant Cruz infringed on any of her federal rights or has been negligent in any way. Plaintiff's § 1983 claims and her negligence claim against Defendant Cruz must therefore be dismissed without prejudice.

The Court reaches the same conclusion with respect to Ocean Partnership for Children ("Ocean Partnership"). Plaintiff alleges only that Ocean Partnership "threatened to terminate services when demanded explanation for 6yo head-banging/suicidal statements in resource care

---

[3] To state a claim for negligence under New Jersey law, a plaintiff must allege: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." *Toth v. Vitality Medical Supplies*, App. No. 24-2061, 2025 WL 3720692, at *1 (3d Cir. Dec. 23, 2025) (quoting *Townsend v. Pierre*, 221 N.J. 36, 51 (2015)).

(no hospital); HIPAA violation – denied legal guardian records until 04/12/2026." Plaintiff does not plead that Ocean Partnership is acting under color of state law. Also, as a matter of law, a HIPAA violation cannot form the basis for a claim under § 1983. *Reeves v. Hemsley*, Civ. No. 18-14061, 2019 WL 2560133, at *11 (D.N.J. June 21, 2019); *Voth v. Hoffman*, Civ. No. 14-7582, 2016 WL 7535374, at *7 n.6 (D.N.J. Apr. 28, 2016); *Kashkashian v. Markey*, Civ. No. 16-3755, 2017 WL 5518024, at *2 (E.D. Pa. Nov. 17, 2017) ("HIPAA, which deals with access to protected health information, does not provide a private cause of action and therefore is not a cognizable Fourteenth Amendment claim [against state officials under Section 1983]."); *Dade v. Gaudenzia DRC, Inc.*, Civ. No. 13-1381, 2013 WL 3380592, at *2 (E.D. Pa. July 8, 2013) (finding that the plaintiff could not bring a private action to enforce HIPAA obligations, whether through the statute itself or through § 1983); *Hatfield v. Berube*, 714 F. App'x 99, 105 (3d Cir. 2017) ("HIPAA does not create a private right of action for alleged disclosures of confidential medical information . . . .") (internal citations omitted); *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 468 (D.N.J. 2013) ("HIPAA does not provide a private right of action to remedy HIPAA violations"). Accordingly, the Court finds that Plaintiff's § 1983 claims against Ocean Partnership must be dismissed with prejudice. Insofar as Plaintiff has also failed to plead a basis for Ocean Partnership's purported negligence, that claim will be dismissed without prejudice.

### F.    REMAINING CLAIMS

Having concluded that all of Plaintiff's federal claims must be dismissed—as well as her negligence claims against Defendants DCPP, OCPO, LTSD, Cruz, and Ocean Partnership—the Court will exercise its discretion to decline supplemental jurisdiction as to Plaintiff's remaining state law claims. These claims will be dismissed without prejudice for lack of subject matter jurisdiction.

### G.    MOTION FOR TEMPORARY RESTRAINING ORDER

Given that the Court has concluded that the Complaint should be dismissed in its entirety, Plaintiff's Motion for a Temporary Restraining Order (ECF No. 1) will be **DENIED AS MOOT**.

### V.    <u>CONCLUSION</u>

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application, **DISMISS** the Complaint as set forth in accompanying Order and **DENY AS MOOT** her Motion for a Temporary Restraining Order.  Plaintiff will be granted leave to file an Amended Complaint within 60 days, limited to addressing the deficiencies identified herein.[4]  Plaintiff is cautioned that if she fails to file an Amended Complaint by the deadline or fails to remedy the identified deficiencies, her claims may be dismissed with prejudice or without further leave to amend.  Finally, the Clerk's Office will be instructed to **ADMINISTRATIVELY TERMINATE** this matter pending Plaintiff's filing of an Amended Complaint.

Date: May 8, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court typically provides plaintiffs with 30 days to file an amended complaint.  Here, the Court in its discretion extends the deadline to 60 days in response to Plaintiff's request for "extended response deadlines" under the Americans with Disabilities Act and the Rehabilitation Act of 1973 based on an asserted disability.  (ECF No. 5-3.) Plaintiff is advised however, that neither the ADA nor the Rehabilitation Act apply to federal courts.  *See Chitester v. Chapter 13 Trustee*, Civ. No. 25-2058, 2026 WL 540151, at *4 (D.N.J. Febr. 26, 2026) (citing *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012)).

11